# EXHIBIT A

RECEIVED MAR 06 2017



**State of New Jersey**
Department of Banking and Insurance
Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

Tel (609) 292-7272

Chris Christie
*Governor*

Kim Guadagno
*Lt. Governor*

Richard J. Badolato
*Commissioner*

***CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***

2/27/2017

Attention:
CORPORATE SECRETARY
CIGNA HEALTH & LIFE INSURANCE COMPANY
900 COTTAGE GROVE ROAD
BLOOMFIELD, CT 06002

RE: The Plastic Surgery Center, P.A. v. Cigna Health & Life Insurance Company
Superior Court of New Jersey, Monmouth County Law Division
Docket No. : MON-L-482-17

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. The documents served are enclosed herein.

By copy of this letter I am advising the Attorney for the Plaintiff(s) in this matter and certifying with the Clerk of the Court that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

Debra A. Mullen/sc

***Debra A. Mullen***
Administrative Assistant

C: James A.Maggs, Esq.
Maggs & McDermott, LLC
800 Old Bridge Road
Brielle, NJ 07719

Clerk of the Superior Court, Monmouth County

James A. Maggs, Esquire (039841991)
MAGGS & MCDERMOTT, LLC
800 Old Bridge Road
Brielle, New Jersey
(732) 223-9870
*Attorneys for Plaintiff*
Our File No. 3329.0116

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, XYZ CORP., 1-10 (fictitious bodies corporate),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br>DOCKET NO. MON-L-482-17<br><br>*Civil Action*<br><br>***SUMMONS*** |

THE STATE OF NEW JERSEY, TO THE ABOVE DEFENDANT(S):

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named Plaintiff, and required to serve upon the attorneys for the Plaintiff, whose name and office address appears above, an answer to the annexed complaint within 35 days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof in duplicate* with the Clerk of the Superior Court, Monmouth County Court House, P.O. Box 1266, Freehold, New Jersey 07728, in accordance with the rules of civil practice and procedure.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book. The phone numbers for the county in which this action is pending are Lawyer Referral Service, 732-431-5544, Legal Services Office, 732-866-0020.

*/s/ MICHELLE SMITH*
MICHELLE SMITH
CLERK OF THE SUPERIOR COURT

DATED: February 22, 2017

Name of defendant to be served: CIGNA HEALTH & LIFE INSURANCE CO.
Address for service: Two Liberty Place, 1601 Chestnut Street
Philadelphia, PA 19192

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD NJ 07728

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS 8:30 AM - 4:30 PM

DATE: FEBRUARY 13, 2017
RE: THE PLASTIC SURGERY CENTER VS CIGNA HEALTH ET AL
DOCKET: MON L -000482 17

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON KATIE A. GUMMER

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 001
AT: (732) 677-4246 EXT 4246.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: JAMES A. MAGGS
MAGGS & MC DERMOTT
ALLAIRE COPORATE CTR
3349 HIGHWAY 138 BLDG C STE D
WALL NJ 07719

JUNMAL2

RECEIVED
FEB 16 2017
Maggs & McDermott, LLC

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| | | |
|---|---|---|
| ATTORNEY / PRO SE NAME<br>James A. Maggs, Esq. | TELEPHONE NUMBER<br>(732) 233-9870 | COUNTY OF VENUE<br>Monmouth |
| FIRM NAME (if applicable)<br>Maggs & Maggs | | DOCKET NUMBER (when available)<br>L-482-17 |
| OFFICE ADDRESS<br>3499 Highway 138<br>Building C, Suite D<br>Wall, New Jersey 07719 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ☐ YES ■ NO |
| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>The Plastic Surgery Center, P.A., Plaintiff | CAPTION<br>The Plastic Surgery Center, PA vs. Cigna Health & Life Ins. Co., XYZ Corp. 1-10 (fictitious bodies corporate) | |
| CASE TYPE NUMBER (See reverse side for listing)<br>599 | HURRICANE SANDY RELATED?<br>☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS | |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>■ NONE<br>☐ UNKNOWN | |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ YES ☐ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ■ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES ■ NO |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | |
|---|---|
| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:



Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**

151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**

305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**

005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**

156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

James A. Maggs, Esquire (039841991)
MAGGS & MCDERMOTT, LLC
800 Old Bridge Road
Brielle, New Jersey
(732) 223-9870
*Attorneys for Plaintiff*
Our File No. 3329.0116

FILED
FEB 06 2017
MONMOUTH VICINAGE
CIVIL DIVISION 249

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A., Plaintiff, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH COUNTY DOCKET NO. L-482-17 |
| v. | *Civil Action* |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY; XYZ CORP., 1-10 (fictitious bodies corporate); Defendants. | **COMPLAINT** |

Plaintiff, The Plastic Surgery Center, P.A. ("TPSC"), by and through its attorneys, Maggs & McDermott, LLC, by way of complaint, hereby alleges as follows.

**PARTIES**

1. TPSC is a licensed medical practice specializing in plastic and reconstructive surgery and maintains its principal place of business at 535 Sycamore Avenue, Shrewsbury, New Jersey 07702.

2. At all relevant times herein, TPSC was an "out-of-network" medical practice which provided various medical services to subscribers and/or their dependents ("Subscribers") enrolled in the healthcare plans operated, controlled, and/or administered by defendants, Cigna Health and Life Insurance Company ("Cigna"), and/or XYZ Corp., 1-10 (fictitious bodies corporate) (collectively "Unknown Defendants").

3. K.D. is the designation of the patient TPSC provided medical services to on or about July 23, 2015 and October 27, 2015 (collectively "Dates of Medical Services"), which give rise to TPSC's claims herein.

4. Cigna is a medical insurance company which maintains its corporate offices at Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania 19192.

5. Unknown Defendants are unknown entities that may operate, control, and/or administer healthcare plans, and/or may maintain self-insured health care plans that are administered by Cigna.

6. Cigna and Unknown Defendants shall hereinafter be collectively referred to as "Defendants."

**FACTUAL ALLEGATIONS**

7. Defendants operate, control, and/or administer managed healthcare or related insurance plans and claims submitted by its Subscribers and/or their dependents.

8. At all times relevant herein, K.D. was insured by Cigna which provided K.D. with a policy of insurance bearing an identification number of U3873569701 (the "Policy").

9. At all times relevant herein, Defendants provided its Subscribers with "out-of-network" benefits, enabling Subscribers to gain access to the physicians and medical practices (collectively "Providers") of their choice, rather than limiting access only to "in-network" Providers.

10. At all times relevant herein, Defendants provided health benefits to K.D. under the Policy.

11. K.D. assigned to TPSC any and all of K.D.'s legal rights and claims relating to and

arising out of the Policy arising out of the medical services provided by TPSC to K.D.

12. On the Dates of Medical Services, K.D., as a result of breast cancer diagnosis and bilateral mastectomy, the Patient underwent staged bilateral breast reconstruction including pectoralis elevation, serratus anterior flap, placement of tissue expanders and Allomax, complex closure and spy angiography followed by scar revision, removal of tissue expanders, full capsulotomy, placement of implants and complex closure at Monmouth Medical Center in Long Branch, New Jersey.

13. TPSC's charges for the medical services provided on July 23, 2015 totaled $184,962.00.

14. Defendants paid TPSC $2,153.58 towards the medical services TPSC provided to K.D. on July 23, 2015.

15. TPSC's charges for the medical services provided on October 27, 2015 totaled $38,054.00.

16. Defendants paid TPSC $11,468.65 towards the medical services TPSC provided to K.D. on October 27, 2015.

17. Defendants owe TPSC $82,517.32 representing the remaining balance of the usual, customary, and reasonable charges for the medical services provided on the Date of Medical Services by TPSC to K.D.

18. TPSC appealed Cigna's decision regarding payment of the medical services provided to K.D., those appeals were denied, and TPSC exhausted the administrative remedies provided to K.D.

19. All of the medical services provided by TPSC to K.D. were reasonable and

medically necessary.

**FIRST COUNT**
(Breach of Contract)

20. TPSC repeats and realleges the allegations set forth in the preceding Paragraphs of this complaint as if set forth more fully herein.

21. Defendants owed a contractual duty to properly pay TPSC pursuant to the terms of the Policy.

22. Defendants breached their duty to TPSC by failing to properly and fully pay TPSC pursuant to the terms of the Policy.

23. Defendants failed to pay TPSC the usual, customary, and reasonable charges in TPSC's geographic region for the medical services provided by TPSC to K.D.

24. As a direct and proximate result of Defendants' breach of their contractual duty, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Defendants for compensatory damages, consequential and incidental damages, punitive damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

**SECOND COUNT**
(Breach of Implied-In-Fact Contract)

25. TPSC repeats and realleges the allegations set forth in the preceding Paragraphs of this complaint as if set forth more fully herein.

26. Defendants' conduct in issuing the Policy to K.D., its Subscriber, objectively viewed, reveals a promise to pay TPSC a reasonable sum for the medical services rendered by

TPSC to K.D. As a result of the Defendants' conduct in insuring K.D. and providing for "out-of-network" and medical service benefits, TPSC reasonably inferred an intent on behalf of Defendants to pay TPSC a reasonable sum for the medical services rendered to K.D.

27. TPSC's performance of the medical services rendered to K.D. constitutes an acceptance of Defendants' offer to pay a reasonable sum for the medical services provided, and, therefore, an implied-in-fact contract was created between TPSC and Defendants by the performance of the medical services provided.

28. By failing to pay a reasonable sum for the medical services provided by TPSC to K.D., Defendants have breached the implied-in-fact contract.

29. As a direct and proximate result of Defendants' breach of the implied-in-fact contract, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Defendants for compensatory damages, consequential and incidental damages, punitive damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

**THIRD COUNT**
(Unjust Enrichment)

30. TPSC repeats and realleges the allegations set forth in the preceding Paragraphs of this complaint as if set forth more fully herein.

31. At all relevant times herein, Defendants consistently and systematically refused to pay TPSC for the medical services it provided to K.D., contrary to its insurance coverage and statutory and regulatory obligations.

32. Defendants were paid premiums by their Subscribers for "out-of-network" benefits, and, as a result, were legally obligated to provide such coverage to K.D. and their Subscribers. In order to satisfy their coverage obligations to K.D. and their Subscribers, Defendants, by necessity, required the services of TPSC to render medical services.

33. TPSC did, in fact, render medical services to K.D. as aforesaid and Defendants received a benefit as a result of TPSC's rendering of medical services that remain unpaid.

34. Defendants have been unjustly enriched through the use of funds that earned interest or otherwise added to their profits when said monies should have been paid in a timely and appropriate manner to TPSC.

35. As a direct and proximate result of Defendants' unjust enrichment, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Defendants for compensatory damages, consequential and incidental damages, punitive damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

**MAGGS & MCDERMOTT, LLC**
*Attorneys for Plaintiff*

By: ______________________
JAMES A. MAGGS

Dated:

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-1, James A. Maggs, is hereby designated as trial counsel on behalf of TPSC in the within matter.

**CERTIFICATION**

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding, nor is the same contemplated. I further certify that to the best of my knowledge, information and belief, no other party should be joined in this action. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

JAMES A. MAGGS

Dated: