UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A., <br><br> Plaintiff <br><br> vs. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, SUNRISE SENIOR LIVING, LLC., and MULTIPLAN, INC. <br><br> Defendants | Civil Action No.3:17-cv-2055(FLW)(DEA) <br><br> *Document Electronically Filed* <br><br> **THIRD AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, The Plastic Surgery Center, P.A. (hereinafter "Plaintiff" or "TPSC"), on its own behalf and as assignee and statutory derivative beneficiary for K.D., by and through its attorneys, Maggs & McDermott, LLC, complains of the defendants identified above and by way of a third amended complaint, hereby alleges as follows:

1. Plaintiff is a professional association organized and existing under the laws of the State of New Jersey, and a licensed medical practice specializing in plastic and reconstructive surgery which maintains its principal place of business at 535 Sycamore Avenue, Shrewsbury, New Jersey 07702.

2. K. D. is the designation of the patient TPSC provided medical services to on July 23, 2015 ("Date of Medical Services"), which give rise to TPSC's claims herein.

3. Cigna Health and Life Insurance Company ("Cigna") is an insurance and healthcare claims administration company which maintains its corporate offices at Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania.

4. Sunrise Senior Living, LLC ("Sunrise") is a corporation with offices at 7902 Westpark Drive, McLean, Virginia.

5. Multiplan, Inc. is a corporation with offices at 115 Fifth Avenue, New York, New York.

## JURISDICTION AND VENUE

6. The Plaintiff's claims are brought pursuant to the Federal Employee Retirement Insurance Security Act of 1974 ("ERISA") and pursuant to state common law.

7. Jurisdiction is proper under 28 U.S.C.A. § 1331.  Jurisdiction is also proper pursuant to 28 U.S.C.A. § 1332 as complete diversity of citizenship exists between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00, not including interest and costs of suit.  Jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C.A. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as all Defendants conduct a substantial of amount of business in the District of New Jersey.  Venue is also appropriate in this Court because Plaintiff is a New Jersey business entity and the assignee and statutory derivative beneficiary of K.D., a New Jersey resident, and a substantial part of the events or omissions giving rise to the Plaintiff's claims against Defendants occurred in the District of New Jersey.

## FACTUAL ALLEGATIONS

9. At all times relevant herein, K.D. was a participant or beneficiary of an employee welfare benefit plan sponsored by Sunrise (the "Plan").  See **Exhibit A** (a copy of the Plan's Summary Plan Description).

10. Sunrise is the "Plan Sponsor" and the "Plan Administrator" of the Plan, as those terms are

defined by ERISA. Sunrise is also a "fiduciary" with respect to the Plan according to the terms of ERISA.

11. Sunrise contracted with Cigna to administer the Plan and Cigna assigned K.D. an identification card and with an identification number of U3873569701.

12. When Sunrise contracted with Cigna, Sunrise delegated to Cigna, among other duties, "the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan."

13. Cigna also served as the *de facto* Plan Administrator by virtue of Sunrise's complete delegation of the Plan Administrator's duties to Cigna.

14. Plaintiff contracted with Multiplan, Inc. ("Multiplan") to become a member of a network of healthcare providers and was a member of Multiplan's network on the Date of Medical Services.

15. On information and belief, Cigna contracted with Multiplan to utilize Multiplan's network of providers for the benefit of members, participants, beneficiaries, or insured persons under policies issued or benefits plans administered by Cigna.

16. Cigna issued K.D. an identification card indicating Cigna participated in Multiplan's network.

17. On information and belief, Cigna participated in Multiplan's network on the Date of Medical Services.

18. On information and belief, when Cigna became a participant in Multiplan's network, it agreed to reimburse healthcare providers within Multiplan's network, such as Plaintiff, according to the terms negotiated between Multiplan and the healthcare providers in its

network.

19. Plaintiff's contract with Multiplan requires Plaintiff to be reimbursed at eighty-five percent (85%) of its billed charges, less any applicable co-payments, deductibles and co-insurance.

20. Plaintiff relied upon the Multiplan logo on K.D.'s identification card issued by Cigna when deciding whether to provide her medical services. This reliance has damaged Plaintiff in that it has not been paid what it reasonably expected to be paid.

21. K.D. assigned to TPSC any and all of K.D.'s legal rights and claims relating to and arising out of the medical services provided by TPSC to K.D., including her rights under the Plan.

22. On the Date of Medical Services, K.D., as a result of a breast cancer diagnosis and bilateral mastectomy, underwent staged bilateral breast reconstruction which included bilateral pectoralis elevation, bilateral serratus anterior flap, bilateral placement of tissue expanders and Allomax, complex closure and spy angiography followed by scar revision, removal of tissue expanders, full capsulotomy, placement of implants and complex closure at Monmouth Medical Center in Long Branch, New Jersey.

23. TPSC's billed charges for the medical services provided on July 23, 2015 totaled $184,962.00 and pursuant to its Multiplan agreement it was entitled to be paid eighty-five percent (85%) of its billed charges, or $157,217.70.

24. Defendants paid TPSC $1,975.04 towards the medical services TPSC provided to K.D. on July 23, 2015.

25. Defendants owe TPSC $155,242.66 under the terms of the Multiplan contracts alleged above.

26. TPSC appealed, in writing, Cigna's decision regarding payment of the medical services

provided to K.D., those appeals were denied, and TPSC exhausted the administrative remedies provided to K.D.

27. Cigna was operating under a conflict of interest with respect to the Plan. By way of example and not limitation, there is competition among various companies, including Cigna, to provide administrative services to the sponsors of employee welfare benefit plans, like the Plan in this case. Simply put, the fewer dollars Cigna determines to be payable under the Plan, the more likely it is that Cigna will remain an administrator of Sunrise's Plan because the Sunrise plan is self-insured, according to Cigna.

28. All of the medical services provided by TPSC to K.D. were reasonable and medically necessary.

## COUNT ONE
### (Breach of Contract Against Cigna)

29. Plaintiff repeats the foregoing paragraphs as if the same were set forth at length herein.

30. Pursuant to Plaintiff's and Cigna's contracts with Multiplan, Cigna was obligated to reimburse Plaintiff $157,217.70 for the medical services Plaintiff provided to K.D.

31. Cigna has not paid Plaintiff the $155,242.66 it owes and Plaintiff has been damaged thereby in that amount plus interest.

## COUNT TWO
### (ERISA Claim For Benefits, 29 U.S.C. § 1132(a)(1)(B) Against Cigna and Sunrise)

32. Plaintiff repeats the foregoing paragraphs as if the same were set forth at length herein.

33. Defendants' conduct as aforesaid constitutes a breach of the terms of the Sunrise Plan in that the Plan required more payment to Plaintiff than the $1,975.04 Cigna determined was owed

under the Plan.

34. The Plaintiff is entitled to recover further said medical expense benefits pursuant to the Plan.

35. Plaintiff, therefore, seeks reimbursement and compensation for any and all benefits it should have received under the Plan.

36. Cigna's decision to reimburse Plaintiff only $1975.04 and not a higher amount was affected by its conflict of interest described above and its decision is not entitled to any deference.

37. As a direct and proximate result of the aforesaid conduct of the Defendants, the Plaintiff has been damaged in an amount equal to the amount of the benefits which the Plaintiff should have received under the terms of the Plan.  In addition, the Plaintiff is entitled to pre-judgment interest at the appropriate rate plus attorneys' fees and costs.

## COUNT III
### (Breach of Contract Against Multiplan)

38. Plaintiff repeats the foregoing paragraphs as if the same were set forth at length herein.

39. In the alternative to Count I, Plaintiff asserts the following claim against Multiplan in the event that Cigna was not party to an agreement with Multiplan requiring Cigna to reimburse Plaintiff 85% of its it billed charges for the medical services Plaintiff provided to K.D.

40. Plaintiff's contract with Multiplan required Multiplan to allow Cigna to access Plaintiff's services through the Multiplan network only if Cigna agreed to reimburse Plaintiff 85% of Plaintiff's billed charges for services rendered to a Cigna insured, including K.D.

41. Multiplan allowed Cigna to access Plaintiff's services through the Multiplan network for the medical services provided to K.D.

42. In the event that Cigna's contract with Multiplan does not require Cigna to reimburse

Plaintiff 85% if the billed charges at issue in this case, then Multiplan will have breached its contract with Plaintiff and Plaintiff will have been damaged in an amount equal to 85% of its billed charges at issue in this case, less any other amounts paid toward those charges by Cigna and/or Sunrise.

**WHEREFORE**, Plaintiff respectfully demands judgment against the Defendants:

a. For compensatory damages in favor of the Plaintiff and against Defendants individually, jointly or jointly and severally in the amount of $155,242.66, plus pre-judgment interest, attorneys' fees, and costs of suit;

b. For compensatory damages equal to the amount of reimbursement due under the Plan, less amounts paid by Cigna, plus the ERISA penalty of at least $45,210 alleged above, plus pre-judgment interest, attorneys' fees, and costs of suit; and

c. Granting any and all other appropriate relief this Court deems just and proper.

By:   s/ JAMES A. MAGGS

**James A. Maggs, Esq. - 039841991**
MAGGS & McDERMOTT, LLC
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, NJ  07719
(732) 223-9870
*Attorneys for Plaintiff*

Dated: June 27, 2018