E. Evans Wohlforth, Jr., Esq.
Jason R. Halpin, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4879

*Attorneys for Defendants Cigna Health and Life*
*Insurance Company, Sunrise Senior Living, LLC,*
*and Sunrise Senior Living, LLC Open Access*
*Plus Medical Benefits Gold Plan*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A., | Civil Action No.: 3:17-cv-2055(FLW)(DEA) |
| Plaintiff, | *Document Electronically Filed* |
| v. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, SUNRISE SENIOR LIVING, LLC, and SUNRISE SENIOR LIVING, LLC OPEN ACCESS PLUS MEDICAL BENEFITS GOLD PLAN, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court following the completion of the remand ordered by the Court in its April 29, 2021 Opinion and Order.  [ECF Nos. 128, 129.]  In this action, Plaintiff Plastic Surgery Center, P.A., sues Defendants Cigna Health and Life Insurance Company ("Cigna"), Sunrise Senior Living, LLC ("Sunrise"), and Sunrise Senior Living, LLC Open Access Plus Medical Benefits Gold Plan (the "Plan," and together with Cigna and Sunrise, "Defendants") for allegedly underpaying a claim for a certain surgery.  Plaintiff is an out-of-network medical

provider and it asserts its claim for reimbursement pursuant to the terms of the Plan, under the Employee Retirement Income Security Act of 1974 ("ERISA") section 502, codified at 29 U.S.C. § 1132.

In September 2020, Plaintiff and Defendants filed cross-motions for summary judgment. [ECF Nos. 116, 117.]  On April 29, 2021, the Court entered an Opinion and Order granting in part and denying in part Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment in its entirety.  2021 WL 1686772 (D.N.J. April 29, 2021) [ECF Nos. 128, 129] (the "April 29, 2021 Opinion").

In the April 29, 2021 Opinion, the Court held that if Cigna had determined the payable benefit without employing a methodology similar to a methodology utilized by Medicare, then Cigna would have arbitrarily interpreted and applied the Plan's "Maximum Reimbursable Charge" ("MRC") provision.  [ECF No. 128, at 14.]  The MRC provision is used to calculate reimbursement owed for services provided by out-of-network physicians such as Plaintiff.  The MRC provision states that

> Maximum Reimbursable Charge is determined based on the lesser of the provider's normal charge for a similar service or supply; or
>
> A percentage of a schedule that we have developed that is based upon a methodology similar to a methodology utilized by Medicare to determine the allowable fee for similar services within the geographic market.

[*Id.* at 3-4.]

In its April 29, 2021 Opinion and Order, the Court held that it was not clear whether Cigna, in calculating any benefits to be paid, correctly applied "a methodology similar to a methodology utilized by Medicare," as the MRC provision requires.  [*Id.* at 13-15.]  This Court remanded the matter "to Cigna to recalculate any amounts paid under the Plan consistent with the terms and requirements of the 'Maximum Reimbursable Charge' provision as written."  [*Id.* at 15.]

Thereafter, Cigna conducted the remand ordered by the Court and submitted the results of that remand on October 14, 2022.  [ECF No. 135.]  The Court has reviewed Cigna's submission reflecting the results of the remand.  Having reviewed the methodology that Cigna employs to calculate reimbursement as set forth in Cigna's submission, the Court finds that Cigna's methodology is consistent with the Plan's MRC provision.  Specifically, Cigna's submission establishes that it calculated the MRC2 benefit using "a percentage of a schedule . . . based upon a methodology similar to a methodology utilized by Medicare to determine the allowable fee for similar services within the geographic market."

Accordingly, there is no genuine issue of material fact but that Cigna's interpretation and application of the MRC provision was not arbitrary and capricious and, therefore, that Cigna's determination of the benefits owed under the Plan also was not arbitrary and capricious.  Furthermore, because Cigna's reimbursement determination was not arbitrary and capricious, there is no genuine dispute of fact that Plaintiff is not entitled to any further reimbursement under the terms of the Plan.

The April 29, 2021 Opinion is hereby modified consistent with the conclusion set forth here.  The Order of the Court denying in part Defendants' Motion for Summary Judgment [ECF 129] is hereby vacated to the extent that Motion was denied.  The Court grants Defendants' Motion for Summary Judgment in its entirety, and all claims against Defendants Cigna, Sunrise, and the Plan are dismissed with prejudice.[1]

---

[1] The Court has conferred with counsel, and this Memorandum Opinion and Order and the relief set forth are entered without objection by Plaintiff.  Plaintiff's claims against Defendant Multiplan, Inc., were dismissed by prior Order of the Court.  Nothing in this Memorandum and Order is intended to affect, prejudice or waive Plaintiff's rights against Multiplan on appeal or otherwise, including without limitation Plaintiff's claim that Multiplan breached its obligations to ensure that Plaintiff was paid for 85% of its billed charges less any applicable co-payments, deductibles and co-insurance.

3

**SO ORDERED:**


s/Freda L. Wolfson_____
Honorable Freda L. Wolfson, U.S.D.J.


Dated:      December 19th, 2022
             Newark, New Jersey

3041184.1 106782-95594